UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DAVID B. CLARK, individually and as trustee for The Clark Trust,<br><br>Plaintiff,<br><br>v.<br><br>DOMA TITLE INSURANCE, INC.; DOES I through X; ROE CORPORATIONS I through X, inclusive,<br><br>Defendants. | Case No. 3:24-CV-00437-MMD-CLB<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO STAY DISCOVERY AND STIPULATION TO EXTEND DISCOVERY**<br><br>[ECF Nos. 38, 50] |

Before the Court is Plaintiff David B. Clark's motion to stay discovery pending resolution of his motion for partial summary judgment, (ECF No. 38), and the parties' stipulation to extend the discovery deadlines, (ECF No. 50).[1] The Court has reviewed the relevant filings and, for the reasons set forth below, Clark's motion to stay discovery and the stipulation to extend the discovery deadlines are both denied. The parties are directed to submit an updated discovery plan within 14 days of this order.

**I.     Clark's Motion to Stay Discovery**

Courts have broad discretionary power to control discovery, including the decision to allow or deny discovery. *See, e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). Under the Federal Rules of Civil Procedure, a court may stay or limit the scope of discovery upon a showing of good cause by the moving party. Fed. R. Civ. P. 26(c). Meeting the "good cause" requirement is no easy task. The party seeking the stay must make a "strong showing" as to why discovery should be stayed; broad statements about inconvenience, cost, or a need for protection are insufficient. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975); *Ministerio Roca Solida v. U.S. Dep't of Fish &*

---

[1]     Defendant Doma Title Insurance ("Doma") filed an opposition to Clark's motion to stay discovery, (ECF No. 41), and Clark replied, (ECF No. 43).

*Wildlife*, 288 F.R.D. 500, 503 (D. Nev. 2013).

To determine if a stay of discovery is appropriate pending the ruling on a motion for summary judgment, courts in this district consider the following factors: (1) whether the pending motion is potentially dispositive of the case; (2) whether the motion can be decided without additional discovery; and (3) whether, after a "preliminary peek" at the merits of the underlying motion, the court is "convinced" that the potentially dispositive motion will be granted. *Flynn v. Nevada*, 345 F.R.D 338, 345 (D. Nev. 2024); *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013). The "preliminary peek" does not prejudge the outcome of the underlying motion; it merely evaluates whether an order staying discovery is warranted. *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011). Moreover, when applying these factors, courts must keep in mind the goal of Federal Rule of Civil Procedure 1 — that the Rules should "be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action."

Here, the "potentially dispositive motion" at issue is Clark's motion for partial summary judgment. (ECF No. 42.) Clark argues that he has satisfied the three aforementioned factors, (ECF No. 38 at 4-7), while Doma argues Clark has not made the requisite showing on any of the three factors, (ECF No. 41 at 9-14). Accordingly, the Court will address all three factors.

First, Clark's motion for *partial* summary judgment is not potentially dispositive of the entire case because litigation on at least some of Clark's claims will continue even if Clark's motion were granted.

Second, it is not clear to the Court that Clark's motion can be decided without additional discovery. Clark filed his motion to stay discovery more than a week before filing his motion for partial summary judgment, thus making it impossible for Doma to identify what additional discovery may be needed. (*Compare* ECF No. 38 (Clark's motion to stay discovery filed on 8/19/2025) *with* ECF No. 42 (Clark's motion for partial summary judgment filed on 8/29/2025)). This is exacerbated by the parties' stipulating to extend

1  Doma's deadline to respond to Clark's motion for partial summary judgment. (ECF No.
2  50.)² On the pleadings before it, the Court cannot say with any certainty one way or the
3  other whether additional discovery may be necessary for Clark's motion to be decided.

4  Third, the Court has conducted a "preliminary peek" of Clark's motion for partial summary judgment and is not convinced that Clark's motion will be granted. As a starting point, the motion for partial summary judgment is not fully briefed and there is no way for the Court to adequately analyze the issues presented in the motion to fully determine whether the motion will likely be granted. Moreover, the Court is not persuaded by Clark's argument that his motion will prevail because it presents a legal question "closely mirroring" the legal question presented in Doma's motion to dismiss, which the District Judge denied. (ECF No. 38 at 6.) As Doma points out, the standards governing motions to dismiss and motions for summary judgment are very different. (ECF No. 41 at 10.) It is conceivable that under the summary judgment standard Clark's argument may fail, which weighs in favor of not staying discovery. *Flynn*, 345 F.R.D. at 346 (quoting *Kor Media Grp., LLC*, 294 F.R.D at 583) (explaining that "there must be *no question* in the court's mind that the dispositive motion will prevail").

The Court therefore finds that Clark has not made the strong showing required to warrant staying discovery.³

## II.   Stipulation to Extend Discovery Deadlines

The Court now turns to the parties' stipulation to extend the discovery deadlines. The parties' stipulation to extend the discovery deadlines does not actually provide updated deadlines. Rather, it notes that an updated plan will be provided by October 20,

---

² Judge Du granted the stipulation to stay the deadline to respond to Clark's motion for partial summary judgment, extending the deadline until October 20, 2025. (ECF No. 51.)

³ Clark asks in the alternative that the Court order sequenced discovery and prioritize discovery on issues other than liability. (ECF No. 38 at 8-9.) The Court denies this request because Clark's case is not similarly situated to those cases in which such a request has been granted, and because discovery in this case has been (or should have been) ongoing.

2025, once Clark responds to Doma's requests for admission and the Court rules on the motion to stay discovery. (ECF No. 50 at 3-4.) Without knowing what the updated discovery deadlines are, the Court will not grant an extension. Accordingly, the stipulation is denied, and the parties are directed to file an updated discovery plan and scheduling order within 14 days of this order.

### III. Conclusion

For the reasons discussed, Clark's motion to stay discovery, (ECF No. 38), and the parties' stipulation to extend the discovery deadlines, (ECF No. 50), are **DENIED**.

The parties shall file an updated discovery plan and scheduling order by **October 10, 2025**.

**IT IS SO ORDERED.**

**DATED**: September 24, 2025.

**UNITED STATES MAGISTRATE JUDGE**

4